IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAY CHRIS MOBLEY,
     Plaintiff,

vs.                                                                    Case No. 3:11cv269/MCR/EMT

UGENE POLK,
     Defendant.
_____/

## REPORT AND RECOMMENDATION

     This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 4).

     Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997).  Upon review of the complaint, the court concludes that it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief; therefore, dismissal of this action is warranted.

I.      RELEVANT ALLEGATIONS

Plaintiff names one Defendant in this action, Ugene Polk, an attorney appointed by the Circuit Court in and for Santa Rosa County, Florida, to represent him in Case No. 04-0256-CFA (Doc. 1 at 1, 2, 7–8).[1, 2]  He asserts Mr. Polk advised  him he would file a motion to dismiss the charges because they were "dead." (*id.* at 7).  He states in September of 2008, Mr. Polk coerced him to plead guilty to misdemeanors in exchange for a sentence of time served (*id.*).  Plaintiff states Mr. Polk told him and the state circuit judge on the record that Plaintiff was expressly preserving his right to appeal (*id.* at 7–8).  He states he had numerous subsequent conversations with Mr. Polk during which Polk assured him he had filed an appeal "and/or motions" in the Santa Rosa Court and the Florida First District Court of Appeal, and Polk told him he would arrange a telephone conference with the state circuit judge (*id.*).  Plaintiff states his driver's license was suspended on November 3, 2010, for "failure to comply with the court," due to Mr. Polk's negligence and untruthfulness (*id.*).  Plaintiff states he is filing this "belated appeal" with the hope of having his driving privileges restored (*id.*).

Plaintiff claims that his Sixth Amendment right to a speedy trial was violated (*id.* at 9).  He also contends Mr. Polk violated his Sixth Amendment rights by coercing him to plead guilty (*id.*).  As relief, he seeks $50,000.00 in "general" damages and $200,000.00 in punitive damages for "negligence, sleeplessness, anxiety, mental suffering, mental anguish, & emotional distress" (*id.*).

II.     ANALYSIS

To state a prima facie claim under 42 U.S.C.  § 1983, a plaintiff must allege:

1.      the defendant's conduct caused the constitutional violation, and
2.      the challenged conduct was "under color of state law."

*See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Duke v. Cleland, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing Parratt).  It is well established that attorneys employed as public defenders or appointed by the court do not act under color of state

---

[1] The page references used in this Report reflect the page numbers as enumerated in the court's electronic docketing system rather than those Plaintiff may have assigned.

[2] According to the public docket of the Santa Rosa County Clerk of Court, Plaintiff was charged in Case No. 04-0256-CFA with one count of habitual driving while license suspended, one count of driving under the influence of alcohol or drugs, and one count of refusal to submit to a DUI test.  *See* http://www2.myfloridacounty.com.

law when they represent clients.  Polk County v. Dodson, 454 U.S. 312, 318, 102 S. Ct. 445, 450, 70 L. Ed. 2d 509 (1981); Christian v. Crawford, 907 F.2d 808, 810 (11th Cir. 1990).  Therefore, Plaintiff has failed to state a claim under § 1983.

Additionally, the Supreme Court has held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  See Heck v. Humphrey, 512 U.S. 477, 4886–87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Id., 512 U.S. at 487.  In this case, Plaintiff seeks damages for his allegedly unconstitutional conviction; however, he has failed to show that he has first obtained invalidation of the conviction through habeas corpus or other appropriate state remedy. Therefore, his claim is not cognizable under § 1983.

Accordingly, it respectfully **RECOMMENDED**:

That Plaintiff's claims be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**DONE AND ORDERED** this 17th day of June 2011.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**